# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HANE, | ) | CASE NO. 5:16-cv-2002 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ON TIME SECURING, INC., et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff Christopher Hane ("plaintiff" or "Hane") for conditional certification and court-authorized notice. (Doc. No. 34 ["Mot."].) Defendants On Time Securing, Inc. and Keith Maxim (collectively "defendants") filed a memorandum in opposition (Doc. No. 40 ["Opp'n"]), and plaintiff filed a reply (Doc. No. 42 ["Reply"]). For the reasons set forth below, plaintiff's motion is granted.

## I. PROCEDURAL BACKGROUND

On August 10, 2016, plaintiff filed his complaint against On Time Securing, Inc. ("On Time")[1] alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ["FLSA"], and the prompt pay provisions of Ohio Rev. Code § 4113.15.

After little more than a week, defendant appeared and the parties jointly moved to stay the litigation and to refer it to mediation before the assigned magistrate judge. The Court granted this request and a mediation was set for September 29, 2016.

---

[1] While the proceedings outlined here occurred, plaintiff filed a first amended complaint, adding two defendants: Keith Maxim ("Maxim"), On Time's president, and Laura Maxim, alleged to be an officer or manager of On Time. (Doc. No. 21 ["FAC"].) Following the Case Management Conference, the parties jointly agreed to the dismissal of defendant Laura Maxim without prejudice. (*See* Doc. Nos. 36, 37.)

Subsequently, on the parties' joint motion indicating "complications gathering and analyzing records[,]" resulting in their "not [being] sufficiently prepared to enter into mediation[,]" (Doc. No. 13), the Court asked the magistrate judge to "assist the parties with their records collection dilemma and, thereafter, reschedule the mediation." (Doc. No. 14.)

The mediation was rescheduled to November 1, 2016, but the day before the mediation the parties again moved to continue, indicating a need for more time to "continue to exchange documentation and meet and confer in an attempt to resolve the matter short of mediation." (Doc. No. 17.) The mediation was rescheduled to November 29, 2016 and was conducted on that date, but was ordered reconvened on December 16, 2016.

On December 15, 2016, the parties jointly moved to lift the stay and return the case to the Court's active docket representing that "any further attempts to mediate will be a waste of the Court's and the parties' time and resources." (Doc. No. 19.) The parties requested a Case Management Conference ("CMC"), which the Court set for February 10, 2017.

The CMC was conducted and an initial case management plan set deadlines for filing and briefing certification motions.[2] (*See* Doc. No. 31.) The instant motion timely followed.

## II. FACTUAL BACKGROUND

In the first amended complaint, plaintiff alleges that On Time is in the business of "servicing foreclosed homes[,]" and "handles all aspects of property preservation including managing work distribution, work order management, documentation, and all other tasks related

---

[2] Plaintiff's complaint pleaded both § 216 collective action allegations (related to alleged FLSA overtime violations – Count One) and Rule 23 class action allegations (related to alleged "prompt pay" violations under Ohio Rev. Code § 4113.15 – Count Two). In the Initial Case Management Plan, the Court set separate deadlines for filing the two certification motions. The deadline for filing a Rule 23 motion has passed, with no motion filed and no extension sought or granted. Therefore, plaintiff has abandoned any possible Rule 23 class action related to Count Two of the FAC and may proceed on that count only as to himself.

2

to property preservation." (FAC ¶ 10.) The motion more specifically identifies the tasks related to property preservation as including "such services as lock changing, winterizations, debris removal, mold migration and landscaping services." (Mot. at 153.[3])

Plaintiff alleges that he and the potential opt-in plaintiffs were hourly employees of defendants.[4] (FAC ¶¶ 14, 16.) He has not identified exactly what tasks he or the others performed, but, presumably, they each engaged in some or all of the specific tasks relating to On Time's property preservation business.[5]

Plaintiff alleges that he and the potential opt-ins "frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA." (*Id.* ¶ 17.) Defendants allegedly "failed to pay [plaintiffs] at a rate equal to one and one-half times their regular rate unless [plaintiffs] worked at least fifty (50) hours in a week." (*Id.* ¶ 19.) Plaintiff alleges a collective of "similarly situated" employees. (*Id.* ¶ 23.)

### III. LEGAL STANDARD

A collective action for unpaid overtime under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b); *see also Comer v. Wal-Mart Stores, Inc.*, 454

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

[4] Under the FLSA, "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). Therefore, Maxim can be held individually liable for an FLSA violation. 29 C.F.R. § 791.2(b)(2); *see also Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003) ("This Court has interpreted the FLSA's . . . language to impose individual liability on private-sector employers.") (citations omitted)).

[5] Plaintiff filed a notice that he was opting in to this collective action (*see* Doc. No. 3 ["Hane Consent"]), along with two others (*see* Doc. No. 4 ["Emmick Consent"]; Doc. No. 6 ["Streeter Consent"]). Attached to the instant motion are the declarations of Emmick and Streeter, each claiming to be "a laborer" for On Time. (Doc. No. 34-1 ["Emmick Decl."] ¶ 3 and Doc. No. 34-2 ["Streeter Decl."] ¶ 3.) Plaintiff himself has filed no declaration or affidavit, resting only on the allegations in the complaint that he was an "hourly employee."

3

F.3d 544, 546 (6th Cir. 2006).[6] Further, FLSA actions are "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" 29 U.S.C. § 255(a).

The Sixth Circuit has "'implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action.'" *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Heibel v. U.S. Bank Nat'l Ass'n*, No. 2:11–CV–00593, 2012 WL 4463771, at *2 (S.D. Ohio Sept. 27, 2012) (citing *In re HCR ManorCare, Inc.*, No. 113866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011)). "The first [step] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (quotation marks and citations omitted).

This case is only at the first step, where plaintiff bears the burden of showing that the employees in the collective are "similarly situated." *Id.* To satisfy this burden at the initial notice stage, the plaintiff must only "make a modest factual showing" that he is similarly situated to the other employees he is seeking to notify. *Id.* 546-47 (quotation marks and citations omitted). The standard at the notice stage is "fairly lenient . . . and typically results in 'conditional certification' of a representative class[.]" *Id.* at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)) (further citation omitted). During this preliminary stage, a district

---

[6] A collective action brought under § 216(b) is distinguishable from a Rule 23 class action in that plaintiffs in a collective action must "opt-in" rather than "opt-out" of the lawsuit. The "opt-in" nature of the collective action "heightens the need for employees to 'receiv[e] accurate and timely notice concerning the pendency of the collective action.'" *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). The statute, therefore, vests in the district court the discretion to facilitate notice to potential plaintiffs "in appropriate cases[.]" *Hoffmann-La Roche*, 493 U.S. at 169.

4

court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) (collecting cases).[7]

As regards the initial inquiry, the Sixth Circuit has observed that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).[8] Plaintiffs may meet the similarly situated requirement if they can demonstrate, at a minimum, that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*; *see Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005) (at this stage, a plaintiff must establish a "colorable basis" for his allegation that others are similarly situated and should therefore be notified of the action) (quotation marks and citations omitted); *see also Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (at the initial notice stage, "the named plaintiff need only show that [his] position [is] similar, not identical, to the positions held by the putative class members") (alterations in original) (quotation marks and citation omitted).

---

[7] During the second step, courts have discretion to make a thorough finding regarding the "similarly situated" requirement, based upon a more fully developed record. *See Comer*, 454 F.3d at 547. At this step, a court is more inclined to consider "'(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff, [and] (3) fairness and procedural considerations . . . .'" *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006) (quoting *Theissen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) (further citation omitted)). Should the district court determine that, after this more rigorous and fact-intensive analysis, the claimants are similarly situated, "the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007).

[8] Abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, -- U.S. --, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016).

# IV. DISCUSSION

Although the motion does not identify the specific contours of the collective that plaintiff seeks to conditionally certify, the first amended complaint does, as follows:

> The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:
>
> All present and former hourly employees of Defendants during the period beginning three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks and were not paid an overtime premium for some or all of those hours worked in excess of forty in a workweek.

(FAC ¶ 23.)

Defendants assert that conditional certification should not be granted and, if it is granted, the two-year, as opposed to three-year, statute of limitations should apply.

Defendants argue that plaintiff has failed to meet his burden of showing that the potential opt-ins are "similarly situated" because the allegations of the amended complaint, combined with the declarations of Emmick and Streeter (there being no declaration from Hane), offer nothing more than unsupported, conclusory assertions that do not meet even the "modest factual showing" required.

Defendants' argument has some initial appeal. In the amended complaint, plaintiff alleges that he "worked for Defendants as an hourly employee[,]" (FAC ¶ 7), as did the potential opt-in plaintiffs (*id.* ¶¶ 14, 16), but he does not identify his job title or a single one of his job duties. Plaintiff has submitted no declaration to buttress the allegations of his amended complaint as to himself. The declarations of two potential opt-in plaintiffs state that each was employed by On Time "as a laborer[,]" but there is no further detail supplied as to the nature of the duties of a

laborer. Nor is there any indication that as a "laborer" either of these two persons performed the same job, tasks, or duties that plaintiff performed.

That said, these three persons (and, presumably, others) were allegedly hourly employees of defendants (although the answer denies that) who were not paid overtime for hours worked over forty in certain workweeks (also denied). It is not entirely clear that the members of the collective necessarily must have similar duties, since all hourly employees are typically non-exempt within the meaning of the FLSA and, therefore, must be paid overtime. A collective can be conditionally certified if the putative members "'were victims of a common policy or plan that violated the law[.]'" *Comer*, 454 F.3d at 547 (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)).

The Court concludes that plaintiff has met the fairly lenient burden for conditional certification of this action as a collective action, subject to decertification following discovery, should that prove necessary.

Turning then to the appropriate statute of limitations, defendants argue that the three-year period is not applicable in this case because plaintiff has not shown that defendants either knew that, or showed reckless disregard for whether, their conduct violated the FLSA. (Opp'n at 820-22, citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988).) In contrast, plaintiff argues that defendants had notice by way of a prior FLSA lawsuit and that, in any event, defendants' argument is premature. (Mot. at 154; Reply at 830.) At this early stage, and given the specific facts of this case, the Court will permit a three-year period for the purpose of notice to potential plaintiffs. Should the collective otherwise prevail on the underlying merits of the claims, whether willfulness has also been established is a question for another day.

## V. CONCLUSION

For the reasons set forth herein, plaintiff's motion for conditional certification and court-authorized notice (Doc. No. 34) is granted. The Court conditionally certifies the following collective:

> All present and former hourly employees of defendants during the period beginning three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks and were not paid an overtime premium for some or all of those hours worked in excess of forty in a workweek.

Further, with the benefit of this ruling, the parties shall jointly submit for the Court's approval their proposed notice to potential plaintiffs, along with the proposed consent form, in accordance with the deadlines in the Case Management Plan and Trial Order, which is issuing separately.

**IT IS SO ORDERED**.

Dated: September 20, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**