UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HANE, on behalf of himself and others similarly situated, | ) ) ) | CASE NO. 5:16-cv-2002 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| ON TIME SECURING, INC., et al., | ) ) ) | |
| DEFENDANTS. | ) | |

On May 29, 2018, the parties and counsel participated in a status conference with the Court, during which they reached a settlement resolving plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Minutes of Proceedings, dated 5-29-2018.) Now before the Court is the parties' joint Proposed Stipulated Order for Approval of Settlement and Dismissal with Prejudice, (Doc. No. 59), supported by the Declaration of Hans A. Nilges, filed under seal with leave of Court (Doc. No. 62). Because the Court finds that the settlement represents a fair resolution of plaintiff's FLSA claim, the Joint Motion is granted and the settlement is approved.

**I. BACKGROUND**

Plaintiff Christopher Hane filed a collective action complaint against defendant On Time Securing, Inc. alleging that defendant violated the FLSA by failing to pay overtime to him and other similarly-situated current and former hourly employees. (Doc. No. 1.) The complaint was amended on December 22, 2016, adding two individual defendants (Doc. No. 21),[1] one of whom

---

[1] Prior to the amendment of the complaint, the parties and counsel engaged in unsuccessful mediation with the assigned magistrate judge.

was later voluntarily dismissed. (*See* Doc. No. 37.) In its answer, defendant[2] denied that plaintiff was entitled to any additional wages, and denied that it violated the FLSA. (Doc. No. 25.)

On February 10, 2017, the Court conducted a telephonic case management conference with counsel for the parties, and discussed several issues, including a briefing schedule for certification of a collective. Following briefing, on September 20, 2017, the Court granted plaintiff's motion for conditional certification of the collective. (*See* Doc. No. 43.) Thereafter, twenty-three (23) parties opted in as members of the plaintiff collective.

On May 29, 2018, during a regularly-scheduled status conference attended by party representatives and counsel, the parties reached a settlement. They now ask the Court to approve their settlement.

**II. APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA

---

[2] Although there are two defendants, the Court refers to them collectively in the singular.

claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Further, in collective actions, the Court should consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id*. Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel, which is supported by a declaration filed by counsel, is reasonable, taking into consideration the course of proceeedings and the successful outcome on behalf of the members of the collective. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

### IV. CONCLUSION

For all of the foregoing reasons, the Court approves the settlement and directs that the Confidential Settlement Agreement and Release supplied *in camera* to the Court be filed under seal as an attachment to this Memorandum Opinion and Order. The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: August 28, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**